# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FELIPE C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-173 |
| | § | |
| FRANK BISIGNANO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Felipe C. ("Plaintiff") filed this lawsuit against Defendant Frank Bisignano[1] ("Commissioner") seeking review of the denial of benefits under Title XVI of the Social Security Act.  (ECF Nos. 1, 20).  Pending before the Court[2] are the Parties' cross-motions for summary judgment.  (ECF Nos. 20–21).  Based on a review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 21) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 20) be **DENIED**.  The Court **FURTHER RECOMMENDS** the

---

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025.  Bisignano is "automatically substituted" as the defendant in this suit.  FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] On February 4, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 7).

Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

## I.   Background

Plaintiff filed a claim for supplemental security income on August 27, 2021, alleging disability starting on July 23, 2021.  (ECF No. 8-3 at 27).[3] Plaintiff's claims were initially denied by the Social Security Administration on June 30, 2022, and again on reconsideration on April 8, 2023.  (*Id.*).  On June 1, 2023, Plaintiff requested a hearing before an Administrative Law Judge.  (*Id.*).  On January 16, 2024, Administrative Law Judge Donald Willy held a telephonic hearing.  (*Id.*).  Plaintiff was represented by counsel at the hearing.  (*Id.*).  Also appearing and testifying at the hearing were Kent Layton, a psychological expert, Sanjay Krishnan, a medical expert, and Rosalind Lloyd, a vocational expert ("VE").  (*Id.*).

On May 30, 2024, Administrative Law Judge Timothy Suing (the "ALJ") issued a decision,[4] finding Plaintiff not disabled at Step Five.[5]  (*Id.* at 41–42).

---

[3] The Administrative Record in this case can be found at ECF No. 8.

[4] Although ALJ Donald Willy held a hearing in this matter, he had not approved a draft decision.  Therefore, the Hearing Office Chief Administrative Law Judge for the Houston West hearing office, with the concurrence of the Regional Chief Administrative Law Judge, reassigned the case to ALJ Timothy Suing to avoid further delay of a decision; ALJ Suing determined that an additional hearing was not necessary to render a decision.  (ECF No. 8-3 at 27).

[5] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 27, 2021, the initial application date.[6] (*Id.* at 29).  At Step Two, the ALJ found Plaintiff has the following severe impairments: "degenerative joint disease of the bilateral knees, degenerative disc disease of the lumbar spine with radiculopathy, osteoarthritis of the hips, obstructive sleep apnea (OSA), obesity, major depressive disorder, and generalized anxiety disorder (20 CFR 416.920(c))."  (*Id.*).  At Step Three, the ALJ found Plaintiff: "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (*Id.* at 30).  The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally perform postural functions but he cannot crawl, kneel, or climb ladders, ropes, and scaffolds. The claimant requires the use of a cane.  The claimant cannot work around hazards, such as unguarded heights, unguarded equipment, or commercial driving.  The claimant cannot perform fast-paced work.  The claimant can understand, remember, and carry out simple, one to two step instructions.  The claimant must work alone, if possible, but can occasionally interact with coworkers, supervisors, and the public.  The claimant cannot work in a high stress job.

---

(4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work.  *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

[6] At the administrative hearing, Plaintiff's onset date was amended to the same as his application date, August 27, 2021.  (ECF No. 8-3 at 58).

(*Id.* at 35).  At Step Four, the ALJ found Plaintiff "is unable to perform any past relevant work."  (*Id.* at 40).  At Step Five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform—such as a lens inserter, jewelry preparer, and compact assembler—and therefore Plaintiff was not disabled as defined under the Social Security Act.  (*Id.* at 41–42).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on November 4, 2024.  (*Id.* at 2).  Thus, the ALJ's decision represents the Commissioner's final decision in the case.  *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.    Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential.  *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'"  *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).    When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence.  *Singletary v. Bowen*, 798

F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III.    Discussion

Plaintiff first argues the ALJ's step five finding is not supported by substantial evidence because the VE's testimony does not support that Plaintiff can do other work considering his RFC, age, education, and work experience. (ECF No. 20 at 6–10; ECF No. 8-3 at 41).  Plaintiff also argues the ALJ erred in failing to fully accommodate in the RFC all of Plaintiff's limitations resulting from his severe obesity.  (ECF No. 20 at 10–12).  The Commissioner argues that the ALJ reasonably considered Plaintiff's obesity when formulating the RFC finding and reasonably relied on the VE's testimony which was in response to the RFC finding that was supported by the record.  (ECF No. 21 at 8–16).  Because the VE's testimony is dependent on the RFC finding, the Court will address Plaintiff's RFC in relation to his limitations first.

### A. Plaintiff's RFC Accounts for His Obesity

Plaintiff argues the ALJ erred by failing to include in the RFC his alleged need to elevate his legs during the workday due to edema associated with his obesity.[7]  (ECF No. 20 at 10–11).  Plaintiff contends this is error because the regulations mandate that "an ALJ's RFC finding must consider the limiting effects of all of the claimant's impairments, even those that are not severe,"

---

[7] Edema is swelling caused by too much fluid trapped in the body's tissues.  Edema is more likely to show up in the legs and feet.  *See Edema: Symptoms & Causes*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/edema/symptoms-causes/syc-20366493  (last visited Feb. 20, 2026).

and thus, "the ALJ was required to consider Plaintiff's need to elevate his legs when making his RFC finding." (*Id.* at 11).

An RFC assessment must account for all limitations supported by the record. 20 C.F.R. § 416.945(a) (providing the RFC is the most a claimant can still do despite their limitations and will be assessed "based on all the relevant evidence in [their] case record"). "[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor*, 706 F.3d at 602–03 (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). However, the ALJ "need only include limitations in the RFC determination that are supported by the evidence in the record." *Vaughn v. Colvin*, 589 F. App'x 238, 244 (5th Cir. 2014) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir.1991); *Hames v. Heckler*, 707 F.2d 162, 165–66 (5th Cir. 1983)). "An RFC determination must be based on substantial evidence and any conflicts in the evidence are resolved by the ALJ, not the courts." *See Mendoza v. Comm'r, Soc. Sec. Admin.*, No. 5:24-cv-055, 2025 WL 906225, at *3 (N.D. Tex. Mar. 25, 2025) (citing *S.K. v. O'Malley*, No. 3:24-cv-092, 2024 WL 2162777, at *2 (N.D. Tex. May 14, 2024)). *See also Day v. Colvin*, No. 4:15-cv-102, 2016 WL 361613, at *8 (N.D. Tex. Jan. 8, 2016), *report and recommendation adopted*, No. 4:15-cv-102, 2016 WL 337756 (N.D. Tex. Jan. 27, 2016) (no error where VE testified that a person that needed to elevate their legs at waist level or more periodically throughout the day would not be able to be productive during the day, and the ALJ did not

7

incorporate such a limitation into the RFC, as he did not find it supported by the majority of the evidence in the record).

Here, the ALJ expressly found obesity to be a severe impairment and discussed Plaintiff's allegations that he needed to elevate his legs. (ECF No. 8-3 at 29–30, 35–37). The ALJ specifically noted that at the hearing, "[Plaintiff] reported pain in his back and having to elevate his legs an hour or two per day." (*Id.* at 36). The ALJ compared those allegations with the medical evidence and reasonably found them not entirely consistent with the record. Specifically, the ALJ noted that physical examinations showed:

> In March 2022, the claimant had a steady gait with a cane and had normal 5/5 strength in his upper and lower extremities despite evidence of radiculopathy. Although the claimant had limited range of motion in the back in August 2022, he had *no lower extremity weakness, edema*, tenderness, numbness, or tingling. In December 2022, the claimant had normal range of motion *with no edema* or tenderness (Ex. D19F, pg. 68). Similarly, clinical findings in February 2023 in his treatment notes show normal range of motion, *no edema*, and no tenderness. These findings are not consistent with the degree of weakness and leg elevation the claimant testified to at his hearing.

(*Id.* at 36–37) (emphasis added). The ALJ further observed that in 2022 Plaintiff reported engaging in activities such as "caring for his mother" and "doing light housework," which were inconsistent with the degree of limitation alleged. (*Id.* at 37). Even so, based on this evidence, the ALJ "restricted him to the sedentary exertional range limiting the amount of exertion or weight lifted or carried." (*Id.*). And, "[f]urther limitations were also afforded to

8

[Plaintiff] limiting his ability to occasionally perform postural functions . . . [and] restricted him from crawling, kneeling, or climbing ladders, ropes, and scaffolds because of evidence showing difficulties walking and with his range of motion." (*Id.*).[8]

Plaintiff essentially asks the Court to reweigh the evidence and credit his testimony over the ALJ's evaluation of the objective findings. However, the Court "may not reweigh the evidence . . . nor substitute [its] judgment for the [Commissioner's]." *Johnson*, 595 F. App'x at 444 (5th Cir. 2015). Substantial evidence supports the ALJ's determination that the objective medical findings did not corroborate the extent of physical, obesity-related limitations that Plaintiff alleged. *See also Hess v. Kijakazi*, No. 9:21-cv-00111, 2023 WL 4153208, at *7 (E.D. Tex. Apr. 11, 2023), *report and recommendation adopted sub nom. Hess v. Comm'r of Soc. Sec. Admin.*, No. 9:21-cv-111, 2023 WL 3775063 (E.D. Tex. June 1, 2023) (finding no error in ALJ's obesity analysis

---

[8] Although Plaintiff points to testimony from the medical expert (Dr. Krishnan) at the administrative hearing indicating he "should elevate his legs *if* he is having some edema" (ECF No. 20 at 10–11; *see also* ECF No. 8-3 at 79 (emphasis added)), that testimony was conditional. Moreover, the expert testified edema could be considered a non-severe impairment "but that [it] is not consistently there" and "[he] did not consistently see that [Plaintiff] had edema. In most of the times his edema was mentioned it was mild at best . . . there is no evidence showing . . . he requires to elevate his legs doing [sic] work times." (ECF No. 8-3 at 74, 79). As such, the ALJ was not required to include a leg-elevation limitation absent evidence demonstrating that such elevation was medically necessary on a sustained basis. *See* 20 C.F.R. § 416.945; *see also* SSR 96-8p (providing that when there is no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity).

where the ALJ limited the claimant to sedentary work in part due to documented morbid obesity, and the claimant failed to identify objective evidence showing additional obesity-related limitations beyond those included in the RFC); *Liguez v. Kijakazi*, No. 4:20-cv-02798, 2021 WL 4943321, at *8 (S.D. Tex. Aug. 11, 2021), *report and recommendation adopted sub nom. Liguez v. Comm'r of Soc. Sec.*, No. 4:20-cv-2798, 2021 WL 4941997 (S.D. Tex. Oct. 22, 2021) (finding no error where the ALJ considered the claimant's obesity, cited BMI measurements, evaluated obesity in combination with other impairments, and the record contained no medical evidence establishing additional obesity-related functional limitations that should have been included in the RFC).   Accordingly, the Court finds the ALJ adequately considered Plaintiff's obesity and associated symptoms in formulating the RFC.

### B. The ALJ Reasonably Relied on VE Testimony at Step Five

Plaintiff also argues that the ALJ's step five determination is unsupported because the VE testified that an individual who could "only occasionally concentrate and persist in work-related activities" would exceed acceptable off-task tolerances.  (ECF No. 20 at 8–9).  Plaintiff contends that this testimony mandates a finding of disability because the ALJ found Plaintiff had "moderate" limitations in concentration, persistence, and pace.  (*Id.* at 9–10).  In other words, Plaintiff interprets the VE's testimony as indicating that

"an occasional limitation in the domain of concentration, persistence, and pace will prevent Plaintiff from being able to perform other work in the national economy . . . [and] the ALJ's finding to the contrary is not supported by substantial evidence." (*Id.* at 10).  Plaintiff's argument rests on a conflation of the ALJ's step-three findings under the special psychiatric technique with the RFC assessment at steps four and five.

At step three, the ALJ evaluates mental impairments using the "paragraph B" criteria, rating functional limitations as mild, moderate, marked, or extreme.  *See* 20 C.F.R. § 416.920a(c).  These findings are not an RFC determination—SSR 96-8p expressly provides that the paragraph B findings "are not an RFC assessment" and that the RFC requires a more detailed function-by-function analysis.  1996 WL 374184 at *4.

Here, the ALJ found Plaintiff had a moderate limitation in concentration, persistence, and pace for purposes of the paragraph B analysis. (ECF No. 8-3 at 34).  However, when formulating the RFC, the ALJ limited Plaintiff to simple one- to two-step instructions, no fast-paced work, work alone if possible, occasional interaction with others, and no high-stress jobs.  (*Id.* at 35).  These limitations reflect the ALJ's translation of Plaintiff's mental impairments into specific work-related functional restrictions.

The hearing testimony further undermines Plaintiff's argument. Although psychologist Dr. Layton used the term "moderate" in the context of

11

the paragraph B criteria, he clarified that Plaintiff's concentration limitations were "within normal limits" and that Plaintiff could remain on task approximately "90 percent" of the workday. (*Id.* at 93–95). Thus, Dr. Layton did not opine that Plaintiff would be off-task to a work-preclusive degree.

The hypothetical posed by Plaintiff's counsel—asking the VE to assume an individual who could "only occasionally concentrate and persist in work-related activities"—introduced a limitation the ALJ did not adopt. (*Id.* at 98–99, 101–02). "An ALJ need only incorporate into the hypothetical questions those claimed disabilities the ALJ recognizes and finds the record supported." *Roger C. v. Kijakazi*, No. 4:20-cv-01807, 2021 WL 4243582, at *5 (S.D. Tex. Sep. 18, 2021) (citing *Masterson*, 309 F.3d at 273 (affirming ALJ's decision to omit questions to the VE concerning limitations the ALJ did not recognize). "The hypothetical questions posed to the vocational expert must be said to 'incorporate reasonably all disabilities of the claimant recognized by the ALJ.'" *Id.* (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). Because the ALJ did not find that Plaintiff would be off-task for a work-preclusive portion of the day, he was not required to include such a restriction in the hypothetical question. Instead, the ALJ presented a hypothetical consistent with the RFC he found supported by substantial evidence. (ECF No. 8-3 at 98–101). *See Ernest. A. J. v. Saul*, No. 1:18-cv-00194, 2020 WL 6877706, at *16–17 (N.D. Tex. Oct. 19, 2020), *report and recommendation adopted sub nom. Ernest A. J.*

12

*v. Saul*, No. 1:18-cv-194, 2020 WL 6873609 (N.D. Tex. Nov. 23, 2020) (concluding RFC limiting a claimant to simple, routine work and simple work-related decisions adequately accommodated a moderate limitation in concentration, persistence, or pace where the ALJ relied on objective medical evidence and treatment notes showing the claimant could concentrate, exercise judgment, and remain on task).

The VE testified that such an individual could perform jobs including lens inserter, jewelry preparer, and compact assembler, with significant numbers existing nationally. (ECF 8-3 at 99). The ALJ was entitled to rely on that testimony. *See Alvarado v. Berryhill*, No. 18-cv-3594, 2020 WL 420840, at *8 (S.D. Tex. Jan. 3, 2020), *report and recommendation adopted*, No. 18-cv-3594, 2020 WL 419730 (S.D. Tex. Jan. 25, 2020) ("The RFC includes a limitation for cane use. . . . At the hearing, the VE testified that although Alvarado needed a cane to ambulate, he could still do the proposed jobs. . . . The ALJ was entitled to rely on the VE's testimony.").

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations omitted). Under the deferential standard of review, Plaintiff has not established an error in the ALJ's decision warranting remand.

Accordingly, the Court concludes that substantial evidence supports the ALJ's step five determination and that the Commissioner met his burden at step five of the sequential evaluation process.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Commissioner's Motion for Summary Judgment (ECF No. 21) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 20) be **DENIED**.   The Court **FURTHER RECOMMENDS** the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.   Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 21, 2026.

_____

Richard W. Bennett
United States Magistrate Judge

14